## VATES vs. CORNELIUS.

*February 1 — February 19, 1884.*

*(1) Evidence: Immaterial error.  (2) Competency of expert.  (3) Sale of chattels: Warranty.  (4) Instructions to jury.*

59  615
86  291

1. After a fact has been admitted by a party and thus established as a verity in the case, the previous admission of improper evidence offered by the opposite party to prove such fact, becomes immaterial.

2. A witness who had been accustomed to handle and care for horses for fifty years, had successfully treated them for diseases, had himself owned many horses, and was acquainted with the horse in question, is *held* competent to testify that in his opinion such horse was foundered.

3. Where a horse is sold and warranted to be sound, if there are defects which are not apparent on simple inspection by the vendee, and he is not informed thereof, but relies upon the warranty, the vendor is liable for the breach of warranty.

4. Where there is no evidence of, or the evidence is conclusive against, the facts assumed in instructions asked, it is not error to refuse to give them to the jury.

APPEAL from the Circuit Court for *Clark* County.

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *James O'Neill*, and for the respondent on that of *R. J. MacBride*.

For the appellant it was argued, among other things, that the plaintiff should not have been permitted to state that he would not have bought the horse without a warranty. The jury should determine what the contract was from the acts and declarations of the parties alone. *Rich v. Jakway*, 18 Barb., 357; *Flanders v. Cottrell*, 36 Wis., 570; *Crounse v. Fitch*, 23 How. Pr., 350; *Shaw v. Stine*, 8 Bosw., 157; *People v. Saxton*, 23 N. Y., 309; *Boyd v. First Nat. Bank*, 25 Iowa, 255.

Counsel for the respondent cited, *contra:* *Wilson v. Noo-*

*nan*, 35 Wis., 321; *Seymour v. Wilson*, 14 N. Y., 567; *Bedell v. Chase*, 34 id., 386; *Thurston v. Cornell*, 38 id., 287.

LYON, J. The parties traded horses. The defendant made a certain warranty (hereinafter more particularly stated) in respect to the soundness of his horse. This action was brought before a justice of the peace to recover damages for an alleged breach of such warranty. The plaintiff recovered, and the defendant appealed to the circuit court. The cause was tried in that court with the same result, and the defendant has appealed to this court from the judgment against him therein.

The complaint alleges that the defendant warranted the horse to be sound in all respects, except that he had corns in his right forward foot. The breach assigned is, "that at the time of said warranty and sale the said horse was unsound, and was chest foundered, and contracted, and was nearly worthless." The answer admits the sale or trade, and denies all other allegations in the complaint.

On the trial in the circuit court the plaintiff testified to the warranty substantially as stated in the complaint. The defendant testified that he warranted the horse sound except his feet. The plaintiff admitted that the exception was that the horse had corns in both fore feet. It is undisputed that the horse was lame in one or both of his fore feet when the trade was made, and had been theretofore subject to such lameness, all which the plaintiff knew at the time. The testimony on the part of the plaintiff tended to prove that such lameness was the result of founder, which affected not only the feet, but the legs and chest of the horse. That on the part of the defendant tended to prove the lameness was caused solely by corns, or, at most, by some disease confined to the feet of the horse. The real controverted issues were, therefore: 1. Were corns only excepted from the warranty, as claimed by the plaintiff, or were all diseases of the feet

excepted therefrom as claimed by the d efendant; and 2. In either case was the horse unsound in any other respect, as alleged in the complaint? To these questions a large portion of the testimony was directed. There is but little conflict of testimony as to the facts (which is quite unusual in cases growing out of horse trades), but as to the nature, causes, and effects of certain diseases to which horses are subject, there is some conflict — a circumstance which occasionally occurs in such cases.

The errors assigned are upon the rulings of the court on objections to the admission of certain testimony and the refusal to give certain proposed instructions. These will be noticed in their order.

1. The court overruled an objection to a question put to the plaintiff, when testifying as a witness in his own behalf, as follows: "Would you have purchased the horse at that time without a warranty of that kind?" He answered, "No." Probably the testimony ought to have been rejected. It was given early in the trial, before the defendant had testified, and was doubtless put in as tending to strengthen the plaintiff's testimony that the defendant warranted the horse sound, as charged in the complaint and denied in the answer. But after the defendant testified admitting the warranty, the fact that there was a warranty became a verity in the case, and the admission of improper evidence on the subject thereby became entirely immaterial, and could not possibly injure the defendant.

2. A witness called by the plaintiff testified that he had been accustomed to handle and care for horses fifty years, and treated them for diseases more or less; had owned large numbers; had cured a great many of corns, and thought he was a fair judge of horse diseases. He was acquainted with the horse in question, and was allowed, against objection to his competency as an expert, to testify that in his opinion the horse was foundered. He also said: "It is called chest

founder, because the chest falls away." We think the witness showed himself competent to give such opinion.

3. The court was asked on behalf of defendant to give several instructions to the jury, which were not given. These were to the effect that a general warranty does not usually extend to defects apparent on simple inspection, requiring no skill to discover them, nor to defects known to the buyer, and if the defendant disclosed to the plaintiff, when the trade was made, all existing defects in the horse, the latter cannot recover. Also, that if the plaintiff relied upon his own inspection and judgment, and not upon the warranty, in making the trade, he cannot recover. The objection to these proposed instructions, assuming them to be correct propositions of law, is that there is no evidence that the unsoundness complained of was apparent on simple inspection by a non-expert (it conclusively appearing that the plaintiff was not an expert in that behalf), and there was no evidence that the defendant informed the plaintiff that the horse was foundered. Moreover, the evidence is conclusive that the plaintiff relied upon the warranty. Hence the proposed instructions were not applicable to the case made by the proofs, and for that reason (if for no other) were properly refused.

The remaining instructions asked and refused, in so far as they correctly state the law applicable to the case, were substantially given in the general charge to the jury.

Although some exceptions were taken to the charge, no error is assigned thereon. It may be observed, however, that the learned circuit judge gave the jury the law of the case clearly, accurately, and fully, and it seems impossible that the jury could have needed any further instructions to enable them to understand the case. He submitted to them to determine what were the terms of the warranty, as both parties understood them, and whether the horse was unsound in any particular not excepted from the warranty,

and in case they found a breach of the warranty, he gave them the correct rule of damages. On the testimony the issue was narrow, and the law of the case is well settled, and was well stated to the jury. More minute or elaborate instructions, instead of aiding the jury, would probably have had a tendency to confuse and mislead them. We think substantial justice has been done in accordance with legal rules, and we cannot disturb the judgment of the circuit court.

*By the Court.—* Judgment affirmed.